**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN MANUEL SOTO MONTES,<br>Petitioner,<br>v.<br>SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, ET AL.,<br>Respondents. | Case No. 5:26-cv-01961-DOC-AJR<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge (the "R&R"). The R&R recommends that Petitioner's request for immediate release be denied because immigration authorities had a lawful basis to detain Petitioner, but that immigration authorities must either provide Petitioner a prompt bond hearing or release him. (Dkt. 19 at 6-9.) The R&R concludes that immigration authorities had a lawful basis to detain Petitioner because Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his conviction for Possession of a Controlled Substance for Sale, to wit-Methamphetamine, in violation of California Health and Safety Code § 11378. (Id. at 6.)

On August 26, 2026, Petitioner filed Objections arguing for the first time that Respondents have not met their burden to prove that Petitioner's conviction for violation of California Health and Safety Code § 11378 actually involved the possession for sale of methamphetamine such that Petitioner's conviction subjects him to mandatory detention under 8 U.S.C. § 1226(c). (Dkt. 22 at 8-11; see also id. at 12 ("Petitioner did not raise the foregoing authority in his prior filings. However, given the particular circumstances in this case, Petitioner respectfully requests that the Court consider the points and authorities and either review the issue *de novo* or recommit the matter to the Magistrate Judge to consider the matter.").) On September 4, 2026, Respondents filed a Response to the Objections stating that they "have no objections to the Report and Recommendation." (Dkt. 27 at 2.) Respondents contend that they met their burden to establish that Petitioner's conviction involved the possession for sale of methamphetamine because Petitioner's conviction records were lodged in Petitioner's merits hearing in immigration court and Petitioner was ordered removed pursuant to the charge that his prior conviction qualified him for removal under 8 U.S.C. § 1226(c). (Id.)

The Court need not resolve this issue raised for the first time in Petitioner's Objections because the Court would find that immigration authorities had a lawful basis to detain Petitioner under 8 U.S.C. § 1226(a), even if he was not subject to mandatory detention under 8 U.S.C. § 1226(c). Indeed, it is undisputed that Petitioner was taken into custody immediately upon his release from the Santa Barbara County jail after serving time for his conviction for violation of California Health and Safety Code § 11378. (Dkt. 1 at 3; Dkt. 27-1 at 2.) Petitioner's Form I-213 shows that immigration authorities detained Petitioner pursuant to a Warrant of Arrest (I-200). (Dkt. 27-1 at 2.) Thus, immigration authorities had a lawful basis to detain Petitioner under 8 U.S.C. 1226(a). See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); 8 C.F.R. §

287.7(a) ("Any authorized immigration officer may at any time issue a Form I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency."); Marks v. Clark, 2008 WL 5516506, at *2 (W.D. Wash. Oct. 7, 2008) ("ICE had proper authority to arrest and detain petitioner on April 11, 2006, based on the March 23, 2006, immigration detainer and the August 15, 2005, Notice to Appear and warrant of arrest, and his detention is not unlawful for that reason."), report and recommendation adopted, 2009 WL 123263 (W.D. Wash. Jan. 15, 2009).

Because immigration authorities had a lawful basis to detain Petitioner, Petitioner's Objections do not cause this Court to alter or modify the R&R. Having conducted a *de novo* review of those portions of the R&R to which Petitioner objected, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that judgment be entered GRANTING the Petition. Respondents shall either provide Petitioner Juan Manuel Soto Montes (A# 096-827-200) ("Petitioner") an individualized bond hearing before a neutral Immigration Judge within seven (7) days or release Petitioner if such hearing is not timely provided. At the bond hearing, the Government must bear the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community (For the avoidance of doubt, the Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard.) Respondents must provide adequate notice to Petitioner and his counsel so that counsel can be present and prepared for the bond hearing. If Petitioner or his counsel would like more time to prepare before the bond hearing occurs, Respondents shall permit the extra time and may provide the bond hearing after the

7-day deadline if the delay is at the request of Petitioner or his counsel. Respondents shall file a notice of compliance **within three days of the bond hearing occurring.**

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at the current address of record, as well as all parties who have appeared in the action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 1, 2026

David O. Carter

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE